ORIGINAL

-5 2005 LG

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHARLES M. ATKINSON<br>KIMERA S. COPELAND<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 05-1249T |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiff Charles M. Atkinson ("Plaintiff" or "Atkinson") is a citizen of the United States of America whose address is 1900 E. 17th Avenue, Denver, CO., 90203. Plaintiff Kimera S. Copeland is a citizen of the United States of America whose address is 25863 Timberline Dr., San Antonio, TX., 78258. For tax years 1991-1996 at issue in this complaint, Charles M. Atkinson and Kimera S. Copeland ("Plaintiffs" or the "Atkinsons") were married.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, and 6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1990)

5. Charles M. Atkinson and Kimera S. Copeland filed a timely joint federal income tax return for calendar year 1990 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5612 and XXX-XX-7533, respectively.

6. Charles M. Atkinson was a limited partner in Agri-Venture Fund ("AFV"), a California limited partnership.

7. On October 17, 2003, the Atkinsons filed with the IRS a claim for refund of $1,261.00 related to the termination and dissolution of AVF.

8. On December 3, 2003, the IRS disallowed that claim.

9. As grounds for recovery, the Atkinsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1990:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs also request that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as

requested by the Plaintiffs, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

10. Over six (6) months have elapsed since the Atkinsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

11. The Atkinsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1991)

12. Charles M. Atkinson and Kimera S. Copeland filed a timely joint federal income tax return for calendar year 1991 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5612 and XXX-XX-7533, respectively.

13. Charles M. Atkinson was a limited partner in AFV.

14. On October 17, 2003, the Atkinsons filed with the IRS a claim for refund of $5,975.00 related to the termination and dissolution of AVF.

15. On December 3, 2003, the IRS disallowed that claim.

16. As grounds for recovery, the Atkinsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1991:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

 R:\DOCS\TAXCONT.T\tmwcd015.at1.wpd

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs also request that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as requested by the Plaintiffs, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

17. Over six (6) months have elapsed since the Atkinsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

18. The Atkinsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE
(Calendar Year 1993)

19. Charles M. Atkinson and Kimera S. Copeland filed a timely joint federal income tax return for calendar year 1993 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5612 and XXX-XX-7533, respectively.

20. Charles M. Atkinson was a limited partner in AFV and Pump Station III ("PS3"), a California limited partnership.

21. On October 17, 2003, the Atkinsons filed with the IRS a claim for refund of $21,068.00 related to the termination and dissolution of AVF and PS3.

22. On December 3, 2003, the IRS disallowed that claim.

23. As grounds for recovery, the Atkinsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for AVF for 1993:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs also request that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as requested by the Plaintiffs, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

24. As grounds for recovery, the Atkinsons also restate and incorporate by reference the averments set forth in the Explanation to their refund claim for PS3 for 1993:

A. PS3 was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized upon final termination of the partnership interest.

F. However, the Plaintiffs are claiming an ordinary loss under Rev. Rul. 93-80. The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. The basis adjustment and loss recognized based on above Exhibits and explanation is $54,217.00.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs' also request that if the refunds are not directly applied to the 1984 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of

underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1993, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1984 tax liability as requested by the Plaintiffs, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

25. Over six (6) months have elapsed since the Atkinsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

26. The Atkinsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOUR
(Calendar Year 1994)

27. Charles M. Atkinson and Kimera S. Copeland filed a timely joint federal income tax return for calendar year 1994 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5612 and XXX-XX-7533, respectively.

28. Charles M. Atkinson was a limited partner in AFV.

29. On October 17, 2003, the Atkinsons filed with the IRS a claim for refund of $3,595.00 related to the termination and dissolution of AVF.

30. On December 3, 2003, the IRS disallowed that claim.

31. As grounds for recovery, the Atkinsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1994:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs also request that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as requested by the Plaintiffs, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

32. Over six (6) months have elapsed since the Atkinsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

33. The Atkinsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FIVE
(Calendar Year 1995)

34. Charles M. Atkinson and Kimera S. Copeland filed a timely joint federal income tax return for calendar year 1995 and paid the taxes reported due on that return. Their taxpayer

identification numbers, as reflected on that tax return, are XXX-XX-5612 and XXX-XX-7533, respectively.

35. Charles M. Atkinson was a limited partner in AFV.

36. On October 17, 2003, the Atkinsons filed with the IRS a claim for refund of $962.00 related to the termination and dissolution of AVF.

37. On December 3, 2003, the IRS disallowed that claim.

38. As grounds for recovery, the Atkinsons restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1995:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the Plaintiffs did not sell their partnership interest, this

claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiffs also request that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as requested by the Plaintiffs, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

39. Over six (6) months have elapsed since the Atkinsons filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United

States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

40. The Atkinsons are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SIX
(Calendar Year 1997)

41. Charles M. Atkinson filed a timely federal income tax return for calendar year 1997 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-5612. Charles M. Atkinson and Kimera S. Atkinson Copeland were divorced for tax years 1997 and later.

42. Charles M. Atkinson was a limited partner in AFV and Oasis Date Associates ("ODA"), a California limited partnership.

43. On October 17, 2003, Atkinson filed with the IRS a claim for refund of $1,490.00 related to the termination and dissolution of AVF and ODA.

44. On December 3, 2003, the IRS disallowed that claim.

45. As grounds for recovery, Atkinson restates and incorporates by reference the averments set forth in the Explanation to his refund claim for AVF for 1997:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiff did not sell his partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiff also requests that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not

previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as requested by Plaintiff, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

46. As grounds for recovery, Atkinson also restates and incorporates by reference the averments set forth in the Explanation to his refund claim for ODA for 1997:

A. ODA was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1984 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiff did not sell his partnership interest, this claim is based on the same increase in basis recognized upon final termination of the partnership interest.

F. However, Plaintiff is claiming an ordinary loss under Rev. Rul. 93-80. The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. The basis adjustment and loss recognized based on above Exhibits and explanation is $30,157.00.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiff also requests that if the refunds are not directly applied to the 1984 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1998, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1984 tax liability as requested by Plaintiff, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

47. Over six (6) months have elapsed since Atkinson filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

48. Charles M. Atkinson is the sole owner of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SEVEN
(Calendar Year 1998)

49. Charles M. Atkinson filed a timely federal income tax return for calendar year 1998 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-5612.

50. Charles M. Atkinson was a limited partner in AFV.

51. On October 17, 2003, Atkinson filed with the IRS a claim for refund of $2,074.00 related to the termination and dissolution of AVF.

52. On December 3, 2003, the IRS disallowed that claim.

53. As grounds for recovery, Atkinson restates and incorporates by reference the averments set forth in the Explanation to his refund claim for AVF for 1998:

A. AVF was an AMCOR partnership that was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1985 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiff did not sell his partnership interest, this claim is based on the same increase in basis recognized **AS A CAPITAL LOSS** upon worthlessness of the partnership interest.

F. The basis adjustment and loss recognized based on above Exhibits and explanation is $37,759.00.

G. The claims for years after 1990 include adjustments for the carryover of the portion of the long term capital loss that could not be used in prior years.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiff also requests that if the refunds are not directly applied to the 1985 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1985 tax liability as

requested by Plaintiff, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

54. Over six (6) months have elapsed since Atkinson filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

55. Charles M. Atkinson is the sole owner of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT EIGHT
(Calendar Year 1999)

56. Charles M. Atkinson filed a timely federal income tax return for calendar year 1999 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-5612.

57. Charles M. Atkinson was a limited partner in Agri-Cal Venture Associates ("ACVA"), a Claifornia limited partnership, and Western-Ag Venture Associates ("WAVA"), a California limited partenrship.

58. On October 17, 2003, Atkinson filed with the IRS a claim for refund of $23,796.00 related to the termination and dissolution of ACVA and WAVA.

59. On December 3, 2003, the IRS disallowed that claim.

60. As grounds for recovery, Atkinson restates and incorporates by reference the averments set forth in the Explanation to his refund claim for ACVA and WAVA for 1999:

A. ACVA and WAVA were AMCOR partnerships that were the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1986 losses.

D. As a direct consequence of the adjustments to the partnership items of these partnerships, there was a substantial basis in each partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of each of the partners' partnership interests, which losses are the basis of this claim for refund.

E. The IRS has agreed to allow a capital loss equal to the adjustment to the AMCOR partners' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiff did not sell his partnership interests, this claim is based on the same increase in basis recognized on abandonment of each partnership interests.

F. However, Plaintiff is claiming an ordinary loss under Rev. Rul. 93-80. The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. The basis adjustment and loss recognized based on above Exhibits and explanation is:

| | |
|---|---|
| Agri-Cal Venture Associates | $44,350.00 |
| Western Ag Venture Associates | $40,251.00 |

H. The increase in the basis in each partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Plaintiff also requests that if the refunds are not directly applied to the 1986 liability as requested, the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 2000, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1986 tax liability as requested by Plaintiff, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

61. Over six (6) months have elapsed since Atkinson filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

62. Charles M. Atkinson is the sole owner of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Charles M. Atkinson and Kimera S. Copeland pray for judgment against the Defendant the United States of America in the amount of $32,861.00, and Plaintiff Charles M. Atkinson prays for judgment against the Defendant the United States of America in the amount of $27,360.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS
CHARLES M. ATKINSON and
KIMERA S. ATKINSON COPELAND

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)